IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39616

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Opinion No. 22 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 11, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JESSE SCOTT CORNELISON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order revoking probation and executing reduced sentence of a unified term of four years, with one year determinate, for burglary, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Jesse Scott Cornelison appeals from the district court's order revoking his probation and executing a reduced sentence upon a conviction for burglary. Specifically, he argues the district court abused its discretion when it revoked his probation and did not further reduce the length of his sentence. Additionally, Cornelison argues the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel in this appeal when it denied his motion to augment the record with certain transcripts of district court proceedings. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The State charged Cornelison with one count of burglary and one count of petit theft. Pursuant to a plea agreement, Cornelison pled guilty to burglary, Idaho Code § 18-1401, and the

1

State dismissed the other charge. The district court entered a withheld judgment and placed Cornelison on probation. Approximately eight months later, Cornelison admitted to violating the terms of his probation by failing to complete treatment, failing to report to his probation officer, and smoking marijuana. The district court revoked the withheld judgment and executed a unified sentence of five years, with two years determinate, but retained jurisdiction. At the conclusion of Cornelison's period of retained jurisdiction, the district court suspended the sentence and placed Cornelison on probation for a second time. Less than a year later, Cornelison again admitted to violating his probation by consuming alcohol. The district court revoked probation and ordered execution of the underlying sentence, but again retained jurisdiction. At the conclusion of Cornelison's second period of retained jurisdiction, the district court placed Cornelison on probation for a third time. Approximately two months later, Cornelison again admitted to violating the terms of his probation, including changing his residence without prior approval. Despite the violations, the district court released Cornelison on his own recognizance and continued the disposition of the case for a period of six months. Following a hearing after the continuation period, the district court reinstated Cornelison's probation--Cornelison's fourth opportunity to avoid execution of his sentence. Just four months later, the State filed another motion to revoke probation based on new violations of the probation terms. Once again, Cornelison admitted to probation violations. The district court revoked probation and executed a reduced sentence of a unified term of four years, with one year determinate. Cornelison timely appealed.

After filing this appeal, and before assignment to this Court, Cornelison filed a motion to augment the record and suspend the briefing schedule, requesting that the record on appeal be augmented with various transcripts from the prior probation violation proceedings. The State objected to augmenting the record, and the Idaho Supreme Court entered an order denying Cornelison's motion. Upon assignment to this Court, Cornelison presents three issues: (1) whether the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record; (2) whether the district court abused its discretion when it revoked Cornelison's probation; and (3) whether the district court abused its discretion when it failed to further reduce the length of Cornelison's sentence.

2

## II.

## ANALYSIS

**A.    Denial of the Motion to Augment the Record**

Cornelison challenges the Idaho Supreme Court's denial of his motion to augment the record on appeal. In his briefs, Cornelison contends the denied transcripts are needed for this Court to adequately review the issues on appeal and that, by denying his motion to augment the record, the Idaho Supreme Court violated his rights to due process, equal protection, and effective assistance of counsel. We recently addressed a nearly identical argument in *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012), where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

Cornelison has not filed with this Court a renewed motion to augment the record but he expands upon the arguments addressed in *Morgan*. First, Cornelison asserts this Court has implicit authority to decide the constitutional issues he raises without a renewed motion. Moreover, he asserts this Court *cannot* entertain a renewed motion to augment the record, already once denied by the Idaho Supreme Court--contrary to our conclusion in *Morgan*. If this Court cannot entertain a renewed motion, and otherwise lacks authority to "review" a decision by the Idaho Supreme Court as we decided in *Morgan*, then he argues that he is left without a tribunal before which to assert claims of error.[1] He states this situation, in essence, functions as a separate denial of due process. Second, he attempts to distinguish his case from *Morgan* because he also

---

[1]    We note that Cornelison has the right to file a petition for review of our decision with the Supreme Court.

appeals from the length of the sentence executed. Cornelison argues that a sentence review entails analysis of all the information the district court may have considered, and thus, review of all proceedings in regard to sentencing are relevant in determining whether the court made appropriate sentencing determinations.

Although in *Morgan* we held a challenge to an Idaho Supreme Court denial of a motion to augment the record is beyond the scope of our authority to review without a renewed motion, Cornelison asserts that this Court indeed has the authority to address the due process and equal protection issues on appeal. He claims that such authority is implicit in the grant of authority found in Idaho Appellate Rule 108. In fact, Cornelison argues that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110.

Rule 108(a) states, "The Court of Appeals shall hear and decide all cases assigned to it by the Supreme Court." The rule also contains a list of the types of cases that will not be assigned to the Court of Appeals. *See* I.A.R. 108(a). Cornelison asserts that because the constitutional issues raised in his appellant's brief do not fall within the list of cases not to be assigned to the Court of Appeals, this Court has the authority to address the issues. In other words, the assignment of this case to the Court of Appeals functions as an implicit grant of authority from the Supreme Court to review his claims about the constitutionality of the Supreme Court's decision to deny his request for additional transcripts.

We recognize that Rule 108 requires this Court to decide all cases assigned by the Supreme Court. However, we do not deem this grant of authority to be as broad as Cornelison would interpret it. Idaho Code § 1-2402 clearly states this Court is subordinate to the Idaho Supreme Court. Idaho Code § 1-2403 further states this Court is subject to administration and supervision by the Supreme Court pursuant to Article 5, Section 2 of the Idaho Constitution. When read in conjunction with Idaho Code § 1-2406(1), which closely mirrors the wording in Rule 108,[2] we must conclude, as we did in *Morgan*, that it is plainly beyond our scope of

---

[2]     Idaho Code § 1-2406(1) provides:

> Any provision of law to the contrary notwithstanding, the Idaho court of appeals shall have jurisdiction to hear and to decide all cases assigned to it by the Idaho supreme court; provided, that the supreme court shall not assign cases invoking the supreme court's original jurisdiction, nor appeals from imposition of

authority to review a decision made by the Supreme Court before assignment of the case to this Court. We will not address the issue of a denied motion to augment the record made before the Supreme Court absent some basis for renewing the motion. As we have previously stated, this may occur via a renewed motion with new evidence to support it filed with this Court, or the presentation of refined, clarified, or expanded issues on appeal that demonstrates the need for additional records or transcripts, in effect renewing the motion.

This brings us to Cornelison's argument that a renewed motion to augment the record *cannot* be made to this Court due to restrictions contained within Idaho Appellate Rules 30 and 110. Rule 30(a) reads as follows:

> Any party may move the Supreme Court to augment or delete from the settled reporter's transcript or clerk's or agency's record. . . . Any party may within fourteen (14) days after service of the motion, file a brief or memorandum in opposition thereto. Unless otherwise expressly ordered by the Supreme Court such motion shall be determined without oral argument. The reporter's transcript and clerk's or agency's record may also be augmented or portions deleted by stipulation of the parties and order of the Supreme Court. The filing of a motion to augment shall not suspend or stay the appellate process or the briefing schedule.

Additionally, Rule 110 provides:

> All motions, petitions, briefs and other appellate documents, other than the initial notice of appeal, shall be filed with the Clerk of the Supreme Court as required by the Idaho Appellate Rules with the court heading of the Supreme Court of the State of Idaho as provided by Rule 6. There shall be no separate filings directed to or filed with the Court of Appeals. In the event of an assignment of a case to the Court of Appeals, the title of the proceeding and the identifying number thereof shall not be changed except that the Clerk of the Supreme Court may add additional letters or other notations to the case number so as to identify the assignment of the case. All case files shall be maintained in the office of the Clerk of the Supreme Court.

Cornelison argues that these rules function to require all motions to be filed with the Supreme Court and states he is "not aware of any court rule which allows a party to an appeal to file a motion directly with the Court of Appeals." Rather, he contends a filing of a renewed motion to augment the record is expressly prohibited by the rules.

---

> sentences of capital punishment in criminal cases, nor appeals from the industrial commission, nor appeals from the public utilities commission.

We reject that interpretation of the rules because we recognize this to be contrary to the grant of authority in Idaho Appellate Rule 101. That rule provides in part, "The Idaho Appellate Rules shall apply to all proceedings in the Court of Appeals as well as the following rules." I.A.R. 101. By way of Rule 101, this Court also has authority to entertain motions to augment the record as provided by Rule 30 after the case has been assigned to this Court. Moreover, if we were to accept Cornelison's interpretation, it would result in a lack of authority of this Court to entertain *any* motions. Idaho Appellate Rule 32(c), applicable to the Court of Appeals via Rule 101, allows any other motions permitted under the rules, other than a motion to dismiss, to be made at any time, before or after the case is set for oral argument. By way of that authority, this Court routinely rules on motions such as motions for continuance, motions regarding briefing (including motions to join briefing, file supplemental briefing, exceed the page limits, revise a brief, request an extension of time to file a brief, or request permission to file a late brief), motions to expedite the appeal, motions to withdraw as counsel, motions for a stay of proceedings, motions to augment the record, renewed motions to augment the record, and motions to allow or to vacate oral argument. Under the Idaho Appellate Rules, we have the authority to review and rule on motions made by a party *after* the case has been assigned to this Court.

In sum, we adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion.

Cornelison had an opportunity to present his constitutional arguments to the Supreme Court, and that Court denied his motion. He has no right to "appeal" that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Cornelison's attempt to distinguish his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

## B.    Revocation of Probation and Failure to Further Reduce the Sentence

It is within the trial court's discretion to revoke probation if any term or condition of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct.

App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Cornelison concedes he violated the terms of his probation, but argues the decision to revoke was nonetheless an abuse of discretion. He contends there was "consensus between the parties that revocation of probation was not warranted in this matter." As to the executed sentence, reduced by the district court pursuant to its Rule 35 authority, Cornelison argues mitigating factors--such as the fact that this was his first felony offense, his mental health issues, his support from family, expressions of remorse, and positive performance during his periods of retained jurisdiction--show an abuse of discretion.

The district court did not abuse its discretion in revoking probation. Contrary to Cornelison's assertions that all parties felt that revocation of probation was not warranted, the

prosecuting attorney, the Idaho Department of Correction, and Cornelison's probation officer all recommended the execution of a sentence, albeit a reduced sentence of 180 days commuted to county jail time with approval for work release. The district court carefully considered the options:

> The court does note that the department, in its report, is recommending that the court commute the sentence for local jail time. I'll be honest, the problem that this court has is that probation has not met its intended goal, which is that of rehabilitation.
> The court recognizes that the defendant is in need of additional programming. That is programming that will not be available to the defendant while he's in the local jail. While I understand that the defendant has obligations to his family, certainly, those obligations were not so important to the defendant as to compel him to comply with the terms of this court's allowance of defendant to be released into the community.
> Since the court finds that probation and the rider programs have not obtained [their] intended goal[s] of rehabilitation, the court does not believe under the circumstances that to commute his time would be appropriate.

Indeed, Cornelison showed, through the course of proceedings, a lack of rehabilitation. Cornelison first delayed obtaining a substance abuse evaluation, failed to attend self-help and cognitive self-change courses, and admitted to smoking marijuana. At the first probation violation hearing, Cornelison told the court that he had potential and was capable of succeeding on probation. The court opted to revoke probation and execute the underlying sentence, but retained jurisdiction. Although Cornelison indicated he learned from his initial retained jurisdiction, understood the terms and conditions of his probation, and could comply with each, he later consumed alcohol, refused to take an evidentiary test, drove under the influence while his driving privileges were suspended, and left the scene of a damage crash. Cornelison acknowledged at the second disposition hearing the need for relapse prevention programming due to his admitted alcohol problem, but stated he was ready for treatment. The court gave Cornelison that opportunity on a second period of retained jurisdiction. After probation was again reinstated, Cornelison again violated probation, but was released on his own recognizance and the matter was continued. Again, the court reinstated probation, but Cornelison violated the terms of his probation by failing to report, leaving the scene of an accident, and testing positive for marijuana *despite* having had two periods of retained jurisdiction and having had the chance to receive therapy and participate in a relapse prevention course (successfully completed). When it revoked probation and declined to commute the sentence to county jail time with work release,

8

the district court recommended the therapeutic community program available through incarceration at the penitentiary in recognition of the fact that prior efforts at rehabilitation had not been fruitful. On this record, there is no error by the district court in finding that probation was not serving the goals of rehabilitation and in revoking probation.

Additionally, the district court did not abuse its discretion in deciding not to further reduce the sentence pursuant to its authority under Rule 35. The statutory maximum sentence for burglary is ten years. I.C. § 18-1403. When the district court withheld judgment at the first stages of this case, it warned that if Cornelison did not get his alcohol problems under control and had problems on probation, the consequences would continue to mount. It initially imposed a five-year unified sentence, with two years determinate. After the numerous probation violations and two periods of retained jurisdiction, the district court chose to revoke probation and execute a sentence. It reduced both the original unified sentence and the determinate portion by one year, resulting in a unified sentence of four years, with one year determinate. In light of the need for rehabilitation and the recommendation for the therapeutic community program while incarcerated, the reduced sentence is not unreasonable under any view of the facts and there was no abuse of discretion.

### III.

### CONCLUSION

We conclude we have no authority to address the Idaho Supreme Court's denial of Cornelison's motion to augment the record. We further conclude the district court did not abuse its discretion by revoking probation or executing the reduced sentence. Thus, we affirm the district court's order revoking probation and executing a reduced sentence of a unified term of four years, with one year determinate.

Judge LANSING and Judge GRATTON **CONCUR.**