IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40402/40403/40404/40405

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 726 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEREMY MICHAEL GLEESE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Orders revoking probation and requiring execution of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jeremy Michael Gleese appeals from his judgments of conviction and the district court's orders revoking his probations. Gleese also argues the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel in this appeal when it denied his motion to augment the record with certain transcripts of district court proceedings. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

These cases are consolidated on appeal. In 2004, Jeremy Michael Gleese was convicted of burglary, Idaho Code § 18-1401. The district court withheld judgment and placed Gleese on

1

probation for two years. In 2005, Gleese was charged with burglary, I.C. § 18-1401; aggravated assault, I.C. §§ 18-901, 18-905; and felony malicious injury to property, I.C. § 18-7001, in violation of his probation in the 2004 case. While that matter was pending, Gleese was charged with another burglary. The three cases were consolidated and, pursuant to a plea agreement, Gleese pleaded guilty to three counts of burglary, aggravated assault, and malicious injury to property. The district court imposed concurrent sentences as follows: In the 2004 case, a unified sentence of three and one-half years with one year determinate for burglary. In the first 2005 case, a unified sentence of eight years with two and one-half years determinate for burglary, five years with two years determinate for the aggravated assault, and five years with two years determinate for felony malicious injury to property. In the second 2005 case, a unified sentence of five years with two years determinate for burglary. The district court retained jurisdiction in all three cases. At the conclusion of the retained jurisdiction, the district court suspended the sentences and placed Gleese on probation for five years. A report of probation violation was filed shortly thereafter, and Gleese was placed on a second period of retained jurisdiction. Upon completion of the second retained jurisdiction period, Gleese was returned to probation for two years. In 2011, Gleese admitted to violating several terms of the probation when a new burglary charge was filed. This case was consolidated with the other three, and the district court consequently revoked probation in the 2004 and 2005 cases, and imposed a concurrent five-year sentence with two years determinate in the 2011 case. Gleese timely appeals.

After filing this appeal, and before assignment to this Court, Gleese filed a motion to augment the record and suspend the briefing schedule, requesting that the record on appeal be augmented with various transcripts from the prior probation violation proceedings. The State objected to augmenting the record, and the Idaho Supreme Court denied Gleese's motion. Upon assignment to this Court, Gleese presents three issues: (1) whether the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record; (2) whether the district court abused its discretion when it revoked Gleese's probation; and (3) whether the district court abused its discretion when it failed to further reduce the length of Gleese's sentences.

## II.

## ANALYSIS

### A.      Denial of the Motion to Augment the Record

Gleese challenges the Idaho Supreme Court's denial of his motion to augment the record on appeal.  In his briefs, Gleese contends the denied transcripts are needed for this Court to adequately review the issues on appeal and asks this Court to hold that, by denying his motion to augment the record, the Idaho Supreme Court violated his rights to due process, equal protection, and effective assistance of counsel.  We recently addressed a nearly identical argument in *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012), where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law.  Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court.  Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court.  Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

Gleese has not filed with this Court a renewed motion to augment the record.  Gleese asserts, however, that *Morgan* was wrongly decided.  He argues that contrary to our analysis in *Morgan*, Idaho Appellate Rule 110 precludes this Court from entertaining a new motion to augment, and that *Morgan* therefore should be overruled.  Gleese acknowledges that this Court rejected these arguments in *State v. Cornelison*, 154 Idaho 793, 302 P.3d 1066 (Ct. App. 2013), but he disagrees with that opinion.  For the reasons stated in *Cornelison*, however, we adhere to our holding in *Morgan* and reject Gleese's argument that under the Idaho Appellate Rules we lack authority to rule on motions made after a case has been assigned to this Court.

In sum, we adhere to our conclusion in *Morgan* that reviewing the Idaho Supreme Court's denial of a motion to augment the record is beyond the scope of our authority.  If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion.

Gleese had an opportunity to present his constitutional arguments to the Supreme Court, and that Court denied his motion. He has no right to "appeal" that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal.

**B.      Revocation of Probation and Failure to Further Reduce the Sentence**

We next address Gleese's argument that the district court abused its discretion when it revoked Gleese's probation and did not reduce his sentences. It is within the trial court's discretion to revoke probation if any term or condition of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will

4

consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Gleese's original sentences without modification.

## III.

## CONCLUSION

We conclude we have no authority to review the Idaho Supreme Court's denial of Gleese's motion to augment the record, and Gleese has shown no abuse of discretion in the district court's orders revoking probation. Therefore, the orders revoking probation and directing execution of Gleese's previously suspended sentences are affirmed.