**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40184**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 325 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL ALLEN PASBORG, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and executing unified sentence of ten years, with two years determinate, for robbery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Michael Allen Pasborg pled guilty to robbery, Idaho Code § 18-6501. The district court imposed a unified sentence of ten years, with two years determinate, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed Pasborg on probation. Pasborg admitted to violating several terms of his probation, and the district court reinstated Pasborg's probation with additional terms. Subsequently, Pasborg again admitted to violating terms of his probation. The district court revoked probation, executed Pasborg's sentence, and retained jurisdiction. After a period of retained jurisdiction, the district court placed Pasborg on probation for a third time. Pasborg again admitted to violating several

1

terms of his probation. The district court consequently revoked probation and executed Pasborg's original sentence without reduction. Pasborg appealed.

After filing this appeal, and before assignment to this Court, Pasborg filed a motion to augment the record with additional transcripts. The Idaho Supreme Court entered an order granting Pasborg's request as to one transcript, but denying Pasborg's request as to the remaining transcripts. On appeal, Pasborg argues that the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel by partially denying his motion to augment the record and contends that the district court abused its discretion by failing to reduce his sentence upon revocation of probation.

A.      Denial of the Motion to Augment the Record

Pasborg challenges the Idaho Supreme Court's partial denial of his motion to augment the record on appeal. In his briefs, Pasborg contends the denied transcripts are needed for this Court to adequately review the issues on appeal and asks this Court to hold that, by partially denying his motion to augment the record, the Idaho Supreme Court violated his rights to due process, equal protection, and effective assistance of counsel. We addressed a nearly identical argument in *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012), where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

Pasborg has not filed with this Court a renewed motion to augment the record. Pasborg asserts, however, that *Morgan* is untenable. He argues that contrary to our analysis in *Morgan*, Idaho Appellate Rules 110 and 30 preclude this Court from entertaining a new motion to augment. Pasborg acknowledges that this Court rejected these arguments in *State v. Cornelison*,

154 Idaho 793, 302 P.3d 1066 (Ct. App. 2013), but he disagrees with that opinion. For the reasons stated in *Cornelison*, however, we adhere to our holding in *Morgan* and reject Pasborg's argument that under the Idaho Appellate Rules we lack authority to rule on motions made after a case has been assigned to this Court.

In sum, we adhere to our conclusion in *Morgan* that reviewing the Idaho Supreme Court's denial of a motion to augment the record is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion.

Pasborg had an opportunity to present his constitutional arguments to the Supreme Court, and that Court partially denied his motion. He has no right to "appeal" that partial denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Pasborg's attempt to distinguish his case from *Morgan*, based on his appeal challenging the length of sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

## B. Failure to Reduce the Sentence

We next address Pasborg's argument that the district court abused its discretion by executing Pasborg's sentence without reduction upon revocation of probation. After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A court's decision not to reduce a sentence after revoking probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hanington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

3

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *Hanington*, 148 Idaho at 29, 218 P.3d at 8. We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by executing Pasborg's original sentence without modification.

## III.
## CONCLUSION

We conclude we have no authority to review the Idaho Supreme Court's partial denial of Pasborg's motion to augment the record, and Pasborg has shown no abuse of discretion in the district court's order revoking probation. Therefore, the order revoking probation and directing execution of Pasborg's original sentence is affirmed.