783 P.2d 315

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Margaret Anne MARKS,**
**Defendant–Appellant.**

**No. 18034.**

Court of Appeals of Idaho.

Nov. 30, 1989.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Margaret Marks appeals from an order of the district court for Ada County revoking her probation and ordering into execution an indeterminate five-year sentence for grand theft. The court also ordered that Marks receive credit for 141 days of incarceration before and after the original judgment. On appeal, Marks argues that the district court abused its discretion by failing to address the proper goals in imposing a sentence following revocation of probation and by not adequately considering her substance abuse problem. She also contends that her sentence should be reduced under I.C.R. 35. We affirm.

After a probation violation has been proven, the decision to revoke probation and to pronounce sentence lies within the sound discretion of the trial court. *State v. Roy*, 113 Idaho 388, 744 P.2d 116 (Ct.App.1987) *citing, State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982); I.C. § 20–222. In a probation revocation proceeding, the court must decide whether the probationer violated the terms of probation and, if so, whether the probation should be revoked. *State v. Case*, 112 Idaho 1136, 739 P.2d 435 (Ct.App.1987). If the court answers these questions in the affirmative, and the probationer is subject to a suspended sentence, the court may order the suspended sentence to be executed, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation. *State v. Adams*, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989).

Here, it is clear Marks violated her probation conditions. While on probation she drove while intoxicated, drove without privileges, and obstructed an officer. Moreover, Marks repeatedly violated her curfew requirement. Additionally, Marks left the county without permission and entered into a prohibited financial agreement in violation of the terms of her intense supervision. The district court's finding that Marks was in violation of the terms of her probation is fully supported by the record.

Next we determine whether the court abused its discretion in revoking Marks' probation. Marks demonstrated a reckless disdain for the authority of the court by repeatedly violating probation conditions. Even after the trial court sternly warned her to refrain from any conduct not expressly permitted by her probation officer, Marks violated her curfew and engaged in conduct demonstrating a willingness to bring harm upon herself (taking a drug overdose) or upon others (driving under the influence). Under the circumstances, we can find no reason to conclude that the court abused its discretion in holding that probation should be revoked.

Neither are we persuaded by Marks' argument that the court failed to consider her substance abuse problems. Rather, we find the contrary to be true. The record clearly demonstrates that the court was painfully aware of Marks' history of drug and alcohol abuse. The court twice reinstated probation, after probation

violations, and ordered Marks to obtain drug treatment. Nevertheless, she violated probation again by driving while intoxicated. It is entirely within the court's discretion to conclude that if rehabilitation measures undertaken during probation fail, such measures should be shifted to the more structured setting of a custodial facility. *State v. Corder*, 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989).

■ Finally, Marks challenges the refusal of the district court to reduce her sentence under I.C.R. 35. Marks argues that the suspended sentence ordered to be executed is too severe and should be modified through commutation of the balance of her sentence to the time she already has served in custody. We do not find the imposed sentence to be excessive in light of the circumstances of the crime and the character of the defendant. The crime, grand theft by possession of stolen property (approximately $19,000 worth of saddles, tack and other items taken in a burglary from the Meridian Saddle Shop), carries a maximum penalty of fourteen years incarceration and a fine of $5000. As an adult, Marks has prior convictions for theft and she has a lengthy juvenile record involving theft offenses. Having reviewed the entire record, in light of the sentencing criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion in declining to reduce the sentence earlier pronounced.

The order revoking probation and executing the suspended sentence is affirmed.