**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37295**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 712** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: November 18, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BILLY RANCE OLDHAM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order revoking probation, affirmed; order granting motion for credit for time served, modified.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

In February 2003, Billy Rance Oldham was charged with grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). Oldham pleaded guilty and received a unified ten-year sentence with a one and one-half-year determinate term. In July of 2005, the judgment of conviction and sentence were vacated. Pursuant to a new plea agreement, Oldham was resentenced in July 2005 to a unified nine-year term with two years determinate, with the sentence suspended and Oldham placed on probation. As a result of probation violations, Oldham's probation was revoked in December 2009 and his sentence reinstated. Oldham filed a notice of appeal from the order revoking probation and also filed a motion for credit for time served. On that motion, the district court granted credit for 1,300 days of prior incarceration and added that it "shall be applied at the end of any mandatory minimum sentence, or in the absence thereof, at the conclusion of any indeterminate sentence."

1

Oldham appeals. He contends that because there is no mandatory minimum sentence for his offense, the court's order gives him credit for past incarceration only at the end of his indeterminate term. He argues that it was error to thus limit the credit. He also argues that the court abused its discretion by revoking probation without sua sponte reducing the underlying sentence.

The State concedes, and we agree, that the district court erred in ordering that Oldham's prejudgment incarceration be credited only "at the conclusion of any indeterminate sentence." An individual's entitlement to credit for prejudgment incarceration is governed by I.C. § 18-309 which states:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence . . . .

By this statute, the legislature has directed that prejudgment incarceration be treated as part of the defendant's service of his sentence. The provision that the *remainder* of the term commences upon the pronouncement of sentence establishes that prejudgment incarceration is credited at the outset of service of the sentence, not the end of it. Applying the time served at the end of the indeterminate term would deprive a defendant of any credit in the determinate segment of the sentence and therefore would not treat the prejudgment incarceration as a part of the service of the sentence, as directed by I.C. § 18-309. Accordingly, the district court's order granting Oldham's motion for time served must be amended by deleting the words "shall be applied at the end of any mandatory minimum sentence, or in the absence thereof, at the conclusion of any indeterminate sentence."

Oldham also maintains that the district court abused its discretion when it did not reduce his sentence sua sponte upon revocation of probation. Upon revoking probation a trial court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011,

1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by not reducing Oldham's sentence upon revocation of his probation.

The district court's order revoking probation without modification of the sentence is affirmed. The district court's order granting Oldham's motion for credit for time served is modified as herein specified.

Judge GRATTON and Judge MELANSON **CONCUR.**

3