**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39768**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 347 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON COURTNEY KAELIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Benjamin R. Simpson, District Judge.

Order revoking probation and executing underlying sentence of a unified term of five years, with three years determinate, for grand theft, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jason Courtney Kaelin pled guilty to grand theft. Idaho Code §§ 18-2403, 18-2407(1). The district court imposed a unified sentence of five years, with three years determinate, but suspended the sentence and placed Kaelin on probation. Subsequently, Kaelin violated the terms of his probation by, among other things, incurring new criminal charges. The district court revoked Kaelin's probation and executed the underlying sentence to run concurrently with Kaelin's sentences for his new criminal convictions. Kaelin appeals, contending the district court abused its discretion by executing his underlying sentence without reduction.

In his reply brief, Kaelin concedes the doctrine of invited error precludes him from challenging the district court's execution of his underlying sentence without reduction.

1

However, despite any invited error, Kailen has failed to show the district court abused its discretion. After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A court's decision not to reduce a sentence after revoking probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hannington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *Marks*, 116 Idaho at 978, 783 P.2d at 317.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *Hanington*, 148 Idaho at 29, 218 P.3d at 8. We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by ordering execution of Kaelin's underlying sentence without reduction. Therefore, the district court's order revoking probation and executing Kaelin's underlying sentence is affirmed.

2