**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40053**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 366 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES EDWARD ADAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and imposing reduced sentence of a unified term of six years, with two years determinate, for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

James Edward Adams pled guilty to possession of a controlled substance, methamphetamine. Idaho Code § 37-2732(c)(1). The district court sentenced Adams to a unified term of seven years, with three years determinate, but suspended the sentence and placed Adams on probation. Shortly thereafter, Adams admitted to violating the terms of the probation. The district court consequently revoked probation and ordered execution of the underlying sentence, but retained jurisdiction. After a period of retained jurisdiction, the district court again suspended Adams' sentence and placed him on probation. Subsequently, Adams again admitted to violating the terms of his probation. The district court revoked probation and imposed a

1

reduced sentence of a unified term of six years, with two years determinate. Adams filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, which the district court denied. Adams now appeals, contending the district court abused its discretion by failing to further reduce his sentence upon revoking probation.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and imposing a reduced sentence of a unified term of six years, with two years determinate, is affirmed.