**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40437**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 597 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PATRICK SCOTT ESMOND, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction and executing underlying sentence without reduction, <u>affirmed</u>.

Dennis Benjamin of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Patrick Scott Esmond pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1). The district court sentenced Esmond to a unified term of ten years, with three and one-half years determinate, and retained jurisdiction. After Esmond completed a period of retained jurisdiction, the district court suspended Esmond's sentence and placed him on probation. Subsequently, Esmond admitted to violating terms of his probation. The district court revoked Esmond's probation, executed the underlying sentence, and again retained jurisdiction. Following the period of retained jurisdiction, the district court again suspended Esmond's sentence and placed him on probation.

1

Several months later, Esmond again admitted to violating terms of his probation. The district court revoked probation, executed the underlying sentence, and retained jurisdiction for a third time. At the jurisdictional review hearing, Esmond requested that the court reduce his sentence under the authority of Idaho Criminal Rule 35. The district court relinquished jurisdiction and ordered Esmond's sentence executed without reduction. Esmond appeals, contending the district court abused its discretion by relinquishing jurisdiction and executing his underlying sentence without reduction.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Upon relinquishing jurisdiction, the trial court is authorized under Idaho Criminal Rule 35 to reduce the sentence. A court's decision not to reduce a sentence will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Hannington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *State v. Marks*, 116 Idaho 976, 978, 783 P.2d 315, 317 (Ct. App. 1989).

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying these standards, and having reviewed the record in this case, we cannot say the district court abused its discretion. Therefore, the district court's order relinquishing jurisdiction and executing the underlying sentence without reduction is affirmed.