## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43752

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 589 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ADAM THOMAS YOAKUM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Adam Thomas Yoakum pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c). The district court imposed a unified five-year sentence, with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Yoakum on probation. Yoakum admitted violating the terms of the probation, and the district court continued Yoakum on probation with an additional term of probation to enroll and successfully complete the Drug Court Program. Subsequently, Yoakum again admitted to violating the terms of probation. During the probation violation disposition hearing, Yoakum motioned the district court to reduce his sentence pursuant to Idaho Criminal Rule 35. The district court denied the motion, revoked probation, and ordered execution of the original

1

sentence. Yoakum appeals, contending that the district court abused its discretion by failing to reduce his sentence when it revoked probation and executed the underlying sentence.

It is within the trial court's discretion, after a probation violation has been established, to order the suspended sentence be executed and is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion when it revoked probation and denied the I.C.R. 35 motion to reduce sentence. Therefore, the order denying Yoakum's I.C.R. 35 motion and order revoking probation and directing execution of Yoakum's previously suspended sentence are affirmed.