**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44760, 44761, 44762 & 44763**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 622 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 24, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| LUKAS WESLEY STEWART, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders revoking probation and executing underlying sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

———————————

PER CURIAM

In Docket No. 44760, Lukas Wesley Stewart pleaded guilty to conspiracy to commit burglary, Idaho Code §§ 18-1701, 18-1401, 18-1403, and the district court imposed a unified seven-year sentence, with two years determinate, suspended the sentence and placed Stewart on a term of probation. In Docket No. 44761, Stewart pleaded guilty to possession of a controlled substance, methamphetamine, I.C. §§ 37-2732(c)(1), 37-2707(d), and the district court imposed a unified two-year sentence, with one year determinate, suspended the sentence and placed Stewart on a term of probation. The sentence was to run consecutively to Docket No. 44760.

While on probation, in Docket No. 44762, Stewart pleaded guilty to possession of a controlled substance, methamphetamine, I.C. §§ 37-2732(c)(1). The district court imposed a

1

unified three-year sentence, with one year determinate, to run consecutively to Docket Nos. 44760 and 44761, and retained jurisdiction. In Docket No. 44763, Stewart pleaded guilty to forgery, I.C. §§ 18-3601, 18-3604, and the district court imposed a unified three-year sentence, with one year determinate to run consecutively to Docket Nos. 44760 and 44761 and concurrently with Docket No. 44762, and retained jurisdiction. Further, Stewart admitted violating the terms of his probation in Docket Nos. 44760 and 44761 and the district court revoked probation, executed the underlying sentences, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentences and placed Stewart on probation. Subsequently, Stewart admitted to violating the terms of the probation in each case, and the district court consequently revoked probation and ordered execution of the original sentences. Stewart appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the orders revoking probation and directing execution of Stewart's previously suspended sentences are affirmed.