# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45462

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 21, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DERRICK CHRISTOPHER MILES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order revoking probation and executing unified five-year sentence with two-year determinate term for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Derrick Christopher Miles pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Miles to a unified term of seven years with four years determinate, suspended the sentence, and placed Miles on probation. Miles appeared for an arraignment hearing regarding a probation violation, but Miles did not appear for the evidentiary hearing and absconded supervision until he was arrested about two and one-half years later. Subsequently, Miles admitted to violating the terms of the probation, and the district court consequently revoked probation and reduced the sentence to a unified term of five years with

1

two years determinate. Miles appeals contending that the district court abused its discretion in revoking probation and executing his sentence rather than reinstating his probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standard, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Miles's reduced sentence. Therefore, the order revoking probation and directing execution of Miles's previously suspended sentence is affirmed.