# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50178

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 26, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ROBERT CHRIS DIXON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Eric J. Wildman, District Judge.

Order revoking probation and executing sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Robert Chris Dixon pled guilty to felony driving under the influence, previously found guilty of a prior felony within fifteen years (DUI), Idaho Code § 18-8004(5)(9). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, suspended the sentence, and placed Dixon on probation. Subsequently, Dixon was found to have willfully violated several terms of his probation, including being terminated from drug court, being dishonest about contact with law enforcement, testing positive for controlled substances, failing to appear for treatment appointments, and accruing traffic violations. At the disposition hearing, Dixon requested the district court to retain jurisdiction. The district court revoked Dixon's probation, denied Dixon's request to retain jurisdiction, and instead ordered execution of the

1

previously suspended sentence of ten years, with five years determinate. Dixon filed an Idaho Criminal Rule 35(b) motion for reduction of sentence. The district court granted the motion and reduced Dixon's sentence to a unified sentence of ten years, with four years determinate. Dixon appeals, contending that the district court abused its discretion in revoking probation and declining to retain jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005). Probation is the ultimate goal of retained jurisdiction. *Id.* There can be no abuse of discretion if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation. *Id.* A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or declining to retain

jurisdiction.  Therefore, the order revoking probation and directing execution of Dixon's sentence is affirmed.