**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50259/50260**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: March 5, 2024** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| TERRENCE JOHN GRIGGS, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Orders revoking probation and ordering execution of the previously suspended sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

This appeal includes two consolidated cases. In Docket No. 50259, Terrence John Griggs pled guilty to fleeing or attempting to elude police officer in a motor vehicle, Idaho Code § 49-1404(2). The district court imposed a unified sentence of five years, with a minimum period of incarceration of three years. In Docket No. 50260, Griggs pled guilty to delivery of a controlled substance, heroin, I.C. § 37-2732(a)(1)(A). The district court imposed a unified sentence of six years, with a minimum period of incarceration of three years. After a period of retained jurisdiction, the district court suspended both sentences and placed Griggs on a term of probation. Subsequently, Griggs admitted to violating the terms of the probation, and the district court

1

consequently revoked probation and ordered execution of the original sentences. Griggs appeals, contending that the district court abused its discretion by revoking probation and not retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Griggs's sentences without retaining jurisdiction. Therefore, the orders revoking probation and directing execution of Griggs's previously suspended sentences are affirmed.