# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52271

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ROBERT PAUL MANRING,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: February 27, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Adam H. Green, District Judge.

Order revoking probation and ordering execution of previously suspended sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Robert Paul Manring pleaded guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005(9). In exchange for his guilty plea, the State agreed to dismiss an allegation that Manring is a habitual offender. The district court imposed a unified sentence of six years, with a minimum period of incarceration of three years, but after a period of retained jurisdiction, suspended the sentence and placed Manring on probation. Subsequently, Manring admitted to violating terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Manring appeals, contending that the district court abused its discretion in revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Manring's sentence. Therefore, the order revoking probation and directing execution of Manring's previously suspended sentence is affirmed.