# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52826

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

SHAWN PAUL LATIMER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  March 20, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County.  Hon. Lansing L. Haynes, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Shawn Paul Latimer pleaded guilty to aggravated battery, Idaho Code § 18-907.[1]  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, but after a period of retained jurisdiction, suspended the sentence and placed Latimer on probation.  Subsequently, Latimer admitted to violating terms of the probation, and the district court

---

[1]    Latimer also pleaded guilty to misdemeanor no-contact order violation, Idaho Code § 18-920 and was sentenced to credit for time served.  Latimer does not challenge this sentence on appeal.

1

consequently revoked probation and ordered execution of the original sentence.[2]  Latimer appeals, contending that the district court abused its discretion in revoking probation and failing to reduce the underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  I.C. § 19-2601(4).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Latimer's sentence.  Therefore, the order revoking probation and directing execution of Latimer's previously suspended sentence is affirmed.

---

[2]     Latimer filed an Idaho Criminal Rule 35 motion which the district court denied.  Latimer does not challenge the denial of his I.C.R. 35 motion on appeal.