# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45006, 45007, 45008 & 45009

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 348 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 6, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| HERLINDA RESENDIZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Orders revoking probation and imposing sentence and judgment of conviction and sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 45006, Herlinda Resendiz pleaded guilty to grand theft by possession of stolen property, Idaho Code § 18-2403 and § 18-2407(1), and forgery, I.C. § 18-3601. The district court sentenced Resendiz to a unified five-year sentence, with two years determinate, for each count to run concurrently. In Docket No. 45007, Resendiz pleaded guilty to burglary, I.C. § 18-1401-03, and the district court imposed a unified five-year sentence, with two years determinate, to run concurrently with 45006. The district court suspended the sentences and placed Resendiz on a term of probation. Resendiz admitted to violating the terms of her probation and in Docket No. 45008, Resendiz pleaded guilty to possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1). In Docket No. 45008, the district court

1

imposed a unified seven-year sentence, with three years determinate, to run concurrently with 45006 and 45007. The district court revoked probation in 45006 and 45007 and reinstated the sentence. The district court suspended all sentences and retained jurisdiction. Following a period of retained jurisdiction, the district court suspended the sentences and placed Resendiz on probation. Subsequently, in Docket No 45009, Resendiz pleaded guilty to delivery of a controlled substance, methamphetamine, I.C. § 37-2732(a)(1)(A), and the district court imposed a unified seven-year sentence, with three years determinate, to run concurrently to all other cases. Further, Resendiz admitted to violating the terms of her probation and the court ordered execution of all original sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-

73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation, in ordering execution of Resendiz's previously suspended sentences, or in imposing sentence. Therefore, the orders revoking probation and directing execution of Resendiz's previously suspended sentences are affirmed and the judgment of conviction and sentence is affirmed.