IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 46195/46196

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: February 7, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| DAVID MATTHEW FISHER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order revoking probation, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

David Matthew Fisher was charged with one count of intimidating, impeding, influencing, or preventing the attendance of a witness, Idaho Code § 18-2604(3) (2013 case); and two counts of intimidating a witness, I.C. § 18-2604 (2014 case). The district court consolidated the cases. Fisher pled guilty to intimidating a witness in the 2013 case and, in exchange for his guilty plea, additional charges were dismissed. In the 2014 case, Fisher pled guilty to the first count of intimidating a witness and entered an *Alford*[1] plea to the second count. The district

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

court imposed a five-year determinate term in the 2013 case and a five-year indeterminate term for each count of intimidating a witness in the 2014 case. All three sentences were ordered to run consecutive to each other. After a period of retained jurisdiction, the district court suspended Fisher's sentences and placed him on probation. Subsequently, Fisher admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Fisher filed an Idaho Criminal Rule 35 motion for reduction of his sentences, which the district court denied. Fisher appeals, contending that the district court abused its discretion in revoking probation and in denying his Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, we cannot say that the district court abused its discretion in revoking probation.

Next, we review whether the district court erred in denying Fisher's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35

2

motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Fisher's Rule 35 motion, we conclude no abuse of discretion has been shown.

Having reviewed the record in this case, we cannot say that the district court abused its discretion in denying Fisher's Rule 35 motion for reduction of his sentences. Therefore, the order revoking probation and directing execution of Fisher's previously suspended sentences and the order denying Fisher's Rule 35 motion for reduction of his sentences are affirmed.