**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49854**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 7, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SELINA G. THOMPSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Order revoking probation and order granting Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Selina G. Thompson pled guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, an additional charge was dismissed. The district court imposed a determinate seven-year sentence, suspended the sentence, and placed Thompson on probation. Subsequently, Thompson was found to have violated the terms of the probation, and the district court revoked probation and ordered execution of the original sentence. Thompson filed an Idaho Criminal Rule 35 motion for reduction of sentence. The district court granted the motion and reduced Thompson's sentence to a unified sentence of seven years, with a minimum period of incarceration of four years. Thompson appeals,

1

contending that the district court abused its discretion in revoking probation and by failing to further reduce the determinate portion of her sentence to three years pursuant to her I.C.R. 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Therefore, after review of the record in this case, we cannot say that the district court abused its discretion in revoking probation.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The district court granted Thompson's I.C.R. 35 motion and reduced the determinate portion of her sentence from seven years to four years. Upon review of the record, including any new information submitted with Thompson's I.C.R. 35 motion, we conclude the district court did not abuse its discretion by failing to reduce

2

Thompson's determinate sentence to three years. Therefore, the district court's order granting Thompson's I.C.R. 35 motion is affirmed.

The order revoking probation and order granting Thompson's I.C.R. 35 motion are affirmed.