**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50306, 50309, 50310, & 50311**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 19, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL PAUL GARDNER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders revoking probation and executing the previously suspended sentences in Docket Nos. 50306, 50309, and 50310, <u>affirmed</u>; judgment of conviction and unified sentence of nine years, with three years determinate, for possession of methamphetamine and being a persistent violator in Docket No. 50311, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket Nos. 50306 and 50309, Michael Paul Gardner pled guilty to one count of possession of heroin, I.C. § 37-2732(c)(1). In each case, the district court imposed a unified sentence of seven years, with three years determinate, suspended the sentences, and placed Gardner on probation. In Docket No. 50310, Gardner pled guilty to one count of possession of methamphetamine, I.C. § 37-2732(c)(1), and the district court imposed a unified sentence of seven years, with three years fixed, to be served concurrently with the sentences in Docket Nos. 50306 and 50309 and placed Gardner on probation. Gardner admitting to violating his probation in

1

Docket Nos. 50306 and 50309, and the district court continued him on probation. In Docket No. 50311, Gardner pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1), and to being a persistent violator, I.C. § 19-2514. The district court imposed a unified sentence of nine years, with three years determine, to run concurrently to all other sentences. The district court ordered the sentence executed. Gardner admitting to violating the terms of his probation in the other three cases, and the district court consequently revoked probation and ordered execution of the previously suspended sentences. Gardner appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 50306, 50309, and 50310. Gardner also contends that the district court imposed an excessive sentence in Docket No. 50311.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the

2

length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Gardner's previously suspended sentences in Docket Nos. 50306, 50309, and 50310. Therefore, the orders revoking probation and directing execution of Gardner's previously suspended sentences are affirmed. The district court did not abuse its discretion in imposing sentence in Docket No. 50311. Thus, the judgment of conviction and sentence are affirmed.