**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51234/51235**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JIMMY SANTIAGO MARQUEZ,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  October 1, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Thomas G. Whitney, District Judge.

Orders revoking probation, affirmed; orders denying I.C.R. 35 motions, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

In Docket No. 51234, Jimmy Santiago Marquez pled guilty to felony driving under the influence (DUI), Idaho Code § 18-8004.  In Docket No. 51235, Marquez pled guilty to intimidating a witness, I.C. § 18-2604.  The district court imposed a unified term of ten years with two years determinate for DUI and a concurrent term of two years with one year determinate for intimidating a witness, suspended the sentences, and placed Marquez on probation for a period of three years.  Subsequently, Marquez admitted to violating the terms of the probation, and the district court consequently revoked probation, reduced the DUI sentence to a unified term of eight years with two years determinate, and ordered execution of the sentences.  Marquez filed Idaho Criminal Rule

1

35 motions, which the district court denied. On appeal, Marquez challenges the district court's decision to revoke probation and to deny his Rule 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Marquez's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the orders revoking probation and directing execution of Marquez's previously suspended sentences are affirmed. Further, the district court's orders denying Marquez's Rule 35 motions are affirmed.