**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51087/51180/51181**

| | |
|---|---|
| STATE OF IDAHO,<br><br>     Plaintiff-Respondent,<br><br>v.<br><br>EMANUEL DOMINIC SAIZ,<br><br>     Defendant-Appellant. | Filed: December 4, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Order revoking probation and ordering execution of previously suspended sentence in Docket No. 51180, and judgments of conviction and sentences in Docket No. 51181 and Docket No. 51087, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 51180, Emanuel Dominic Saiz pled guilty to grand theft, Idaho Code § 18-2403(1), and the district court imposed a unified sentence of five years, with a minimum period of incarceration of one year, suspended the sentence and placed Saiz on a term of probation. Saiz subsequently admitted to violating the terms of probation, which included receiving new criminal charges. In Docket No. 51180, the district court revoked Saiz's probation and executed the previously suspended sentence. In Docket No. 51181, Saiz entered a guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), and the

district court imposed a determinate sentence of four years.  In Docket No. 51087, Saiz entered *Alford*[1] pleas to  possession of a controlled substance with intent to manufacture or deliver, Idaho Code § 37-2732(a)(1)(B), flee or attempt to elude a police officer in a motor vehicle, I.C. § 49-1404(2), unlawful possession of a firearm by a convicted felon, I.C. § 18-3316, and a persistent violator enhancement, I.C. § 19-2514.  The district court imposed a unified term of incarceration of twenty-five years, with a minimum period of incarceration of twelve years on each count, with the sentences running concurrently with each other and with the sentences in the other cases.

Saiz appealed and asserts the district court abused its discretion in Docket No. 51180 by revoking probation and executing his underlying sentence without retaining jurisdiction.   In Docket No. 51181 and Docket No. 51087, Saiz asserts the district court abused its discretion in sentencing and should have imposed lesser sentences or retained jurisdiction.

First, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  Once a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  I.C. § 19-2601(4). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009).  We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation.  *Id.*  Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal.  *Morgan*, 153 Idaho at 621, 288 P.3d at 838.  Applying the foregoing standards, and having reviewed the record in Docket No. 51180, we cannot say that the district court abused its discretion ordering execution of Saiz's previously suspended sentence without retaining jurisdiction.

---

[1]      *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Next, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). After reviewing the records in Docket No. 51181 and Docket No. 51087, the cases show that the district court properly considered the information before it and determined that the district court did not abuse its discretion in sentencing including declining to retain jurisdiction.

Therefore, the district court's order revoking probation and ordering execution of the previously suspended sentence in Docket No. 51180, and the judgments of convictions and sentences in Docket No. 51181 and Docket No. 51087 are affirmed.