**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52712/52713/52714**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: January 6, 2026** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| PAIGE WHITLEY LENHART, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark T. Monson, District Judge.

Order revoking probation and execution of previously suspended sentence in Docket No. 52712, <u>affirmed</u>; judgments of conviction and concurrent unified sentences of four years, with a minimum period of incarceration of two years, for felony possession of a controlled substance in Docket No. 52713 and felony eluding in Docket No. 52714, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 52712, Paige Whitley Lenhart pleaded guilty to felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified sentence of four years, with a minimum period of incarceration of two years, suspended the sentence, and placed Lenhart on probation. While on probation, Lenhart received new criminal charges in Docket Nos. 52713 and 52714. Pursuant to a plea agreement, Lenhart admitted to violating terms

1

of the probation in Docket No. 52712; pleaded guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1), in Docket No. 52713; and pleaded guilty to felony eluding a peace officer, I.C. §§ 49-1404(1), (2)(a), in Docket No. 52714.

Consequently, in Docket No. 52712, the district court revoked probation and ordered execution of the original sentence, with ninety-two days of credit for time served. In Docket Nos. 52713 and 52714, the district court imposed unified sentences of four years, with a minimum period of incarceration of two years, and fifty-nine days of credit for time served in Docket No. 52713 and forty-five days of credit for time served in Docket No. 52714. The sentences were ordered to run concurrently with each other. Lenhart appeals, contending that the district court abused its discretion in revoking probation and executing her underlying sentence in Docket No. 52712 and in imposing excessive sentences in Docket Nos. 52713 and 52714.[1]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

---

[1] In Docket Nos. 52713 and 52714, Lenhart filed Idaho Criminal Rule 35 motions seeking a reduction in her sentences, which the district court denied. Lenhart does not challenge the denial of those motions on appeal.

Next, sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Lenhart's suspended sentence in Docket No. 52712 or by imposing sentences in Docket Nos. 52713 and 52714. Therefore, the order revoking probation and directing execution of Lenhart's previously suspended sentence in Docket No. 52712 and the judgments of conviction and sentences in Docket Nos. 52713 and 52714 are affirmed.