**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52377**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed: January 30, 2026** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **TONI KAY LYNSKEY,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order revoking probation and ordering execution of previously suspended sentence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Toni Kay Lynskey pleaded guilty to felony driving under the influence, Idaho Code §§ 18-8004, -8005(9). In exchange for her guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of two years, but after a period of retained jurisdiction, suspended the sentence and placed Lynskey on probation. Subsequently, Lynskey admitted to violating terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Lynskey filed an Idaho Criminal Rule 35 motion, which the district court denied. Lynskey appeals, contending that the district court abused its discretion in revoking probation and denying her I.C.R. 35 motion.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Next, we review whether the district court erred by denying Lynskey's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation and ordering execution of Lynskey's sentence or denying Lynskey's I.C.R. 35 motion. Therefore, the order revoking probation and directing execution of Lynskey's previously suspended sentence and order denying Lynskey's I.C.R. 35 motion are affirmed.